# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| FREDERICK S. COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-cv-416 |
| | ) | |
| JENNIFER L. WOODALL, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION and ORDER**

This matter – a personal-injury diversity suit arising out of a car accident – is before the Court to determine the amount of damages that Plaintiff Frederick Cohen is entitled to from Defendant Jennifer Woodall. After a review of similar cases and the Plaintiff's own testimony and evidence, he will be awarded judgment in the amount of $160,000 against Defendant Jennifer Woodall.

## **PROCEDURAL BACKGROUND**

This case arises out of a car accident in Northwest Indiana. On the afternoon of October 29, 2009, Cohen was driving his car along Interstate 80 through Indiana on his way home to Illinois after a work-related trip in Michigan. Woodall was also driving on the interstate at that time and proceeded to merge from the left lane directly into the left side of Cohen's car. Cohen had no idea what had happened – the sound was so loud that for a split-second he thought it was some sort of explosion – but quickly realized that Woodall had run into him. Cohen maintained control of his car, and Woodall eventually moved back into the left lane, though not before inflicting serious damage on the left side of Cohen's car. Cohen then merged into the left lane to follow Woodall, who finally pulled over to the shoulder after a few miles. Cohen and Woodall

talked about the accident briefly (Woodall apparently didn't have much of an explanation for what had happened), and Cohen called the police notwithstanding Woodall's reluctance to get law enforcement involved. A state trooper arrived 15 or 20 minutes later and interviewed both parties separately in their respective cars. The officer then gave Cohen a sheet of paper with Woodall's insurance information on it and went on his way.

Cohen's lower back and hip were in pain and his car was seriously damaged, but the car was still operable and he felt well enough to drive, so he drove home to Park Ridge, Illinois. Once he arrived there he went straight to a nearby emergency room, where he was given pain killers and told to rest through the weekend. He followed those instructions, but the pain only intensified as the weekend went on, so on Monday morning he returned to the emergency room, where a CAT scan of his hip showed that it was fractured. He was given crutches and a referred to an orthopedic specialist.

From there, the story follows the many hardships that I assume usually come with a fractured hip. Cohen racked up medical bills for exams of his hip, cortisone shots, physical therapy, and for other emergency room visits due to falls that were a direct result of being unable to balance himself properly. His professional life also suffered. Cohen was employed as a salesman for Agrexco USA Limited. His job required sales visits all over the U.S. and Canada, which meant he had to take regular flights and car trips (like the one he was returning from when the accident with Woodall occurred). But with his injury, and the fact that he could not sit for more than 15 minutes at a time without pain, there was no way he could perform the regular functions of his job. He was thus unable to return to his job for more than 6 months, during which he was forced to use all six weeks of his accrued vacation time and then go without pay

2

for another 20 weeks.  When he was finally able to return to work in May of 2010, he was restricted to his desk and could not perform any of his regular travel duties.  Even today, nearly two years since the accident, he still has trouble sitting for long periods.  He has also suffered in his personal life:  the lingering pain in his hip is such that he can no longer go for a run, for instance, or go out dancing with his wife, an activity that he used to enjoy.

Many of these damages would normally, of course, be paid by Woodall's insurance carrier.  Unfortunately for Cohen, however, the insurance information Woodall provided to Cohen on the day of the accident (via the police officer) appears to be incorrect:  Cohen and his attorney have contacted the company – Safeco Insurance – multiple times only to find it was a dead end.  Safeco eventually sent Cohen's attorney a letter dated June 22, 2011, which stated that it "was unable to find any evidence of a policy of insurance with Safeco which would cover Jennifer Woodall for this loss."  [DE 9-1 at 1.]

Without any leads from Woodall or her insurance company, Cohen was left with few other choices but to initiate this suit, which he did on October 15, 2010.  [DE 1.]  Woodall was personally served with a copy of the Complaint and summons on October 27, 2010.  [DE 7.]  Woodall has yet to respond to the Complaint.  Thus, on July 13, 2011, Cohen moved for an entry of default and a hearing to prove-up his damages.  [DE 9.]  My Order of July 18, 2011 directed the clerk of this Court to enter default against Woodall and set a prove-up hearing for August 4, 2011.

## DISCUSSION

Federal Rule of Civil Procedure 55(b) provides that a "court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages."  Fed.

R. Civ. P. 55(b). There can be no doubt that Cohen is entitled to a default judgment here – Woodall has been served with the Complaint, has not answered it, and an entry of default has been ordered – so the only question is the proper amount of damages that should be attached to that judgment. At the August 4, 2011 hearing, Plaintiff provided evidence that sought damages in the following amounts:

     1. Medical Expenses in the amount of $18,894.20;

     2. Lost Income in the amount of $44,474.40; and

     3. Pain and Suffering in the amount of $96,631.40.

Each category of damages will be addressed separately below.

**Medical Expenses**

Cohen testified at the prove-up hearing about the extent of his medical expenses that resulted from the accident, which included emergency room visits, exams, cortisone shots, and physical therapy. This undisputed testimony supports the conclusion that Cohen suffered damages in the amount of $18,894.20 for his medical expenses. Cohen is entitled to a judgment against Woodall for this entire amount.

**Lost Income**

Cohen testified at the prove-up hearing about the extent of the income he lost as a result off his injuries, which included more than six months of lost wages. This undisputed testimony supports the conclusion that Cohen suffered damages in the amount of $44,474.40 for his lost income. Cohen is entitled to a judgment against Woodall for this entire amount.

**Pain and Suffering**

"Awarding any amount of damages for pain and suffering has long been criticized as requiring the trier of fact to monetize a loss that is incommensurable with any monetary measure." *Jutzi-Johnson v. United States*, 263 F.3d 753, 758 (7th Cir. 2001). While juries are not required to explain their determinations of damages for pain and suffering, the Seventh Circuit requires district judges to provide such explanations with citations to comparable cases when awarding damages for pain and suffering. *Id.* at 759.

Cohen seeks $96,631.40 in pain and suffering. Given the discomfort Cohen has suffered since the accident, the stress placed on his personal life and his work, and the continuing way in which his injuries affect his daily life, this is certainly a reasonable amount. Moreover, a host of other comparable judgements involving the pain and suffering associated with a hip fracture justify this amount. *See*, *e.g.*, *Mayer v. Gary Partners & Co.*, 29 F.3d 330, 336 (7th Cir. 1994) ("[Plaintiff] fell during the attack, suffering a broken pelvis and a concussion. Less than a month later she suffered a stroke, which two physicians linked to these injuries. Today she has restricted mobility and persistent pain. Reasonable jurors could assess damages at $260,000."); *Barbee v. United States,* 2005 WL 3336504, at *2-3 (W.D. Wis. 2005) ($350,000 awarded for pain and suffering for hip fractures suffered in a car accident, which required surgery); *Tushaj v. Elm Management Associates, Inc.*, 782 N.Y.S.2d 706, 707-08 (App. Div. 2004) ($230,000 awarded by jury, which was increased by another $125,000 by the judge, for pain and suffering for hip fractures sustained in a fall); *Simmons v. King*, 833 So. 2d 1148, 1152-53 (La. Ct. App. 2d Cir. 2002) ($100,000 awarded for pain and suffering for fractures of hip and pelvis sustained in a fall); *City of Jackson v. Perry*, 764 So. 2d 373, 380 (Miss. 2000) ($100,000 awarded for pain

and suffering for fractures of pelvis and collar bone suffered in a car accident); *Childs v. Wal-Mart Stores, Inc.*, 1996 WL 512202, at *1-2 (5th Cir. 1996) ($250,000 awarded for pain and suffering for fractures of hip and knee suffered in a fall).

Cohen is entitled to a judgment against Woodall for this entire amount.

## CONCLUSION

For the foregoing reasons, the clerk shall **ENTER FINAL JUDGMENT** in favor of Plaintiff Frederick S. Cohen in the amount of $160,000.00 against Defendant Jennifer L. Woodall. The clerk shall treat this civil action as **TERMINATED**.

**SO ORDERED**.

ENTERED: August 8, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT